RENDERED:  JANUARY 22, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1923-MR

CAMBRIDGE PLACE GROUP, LLC
D/B/A CAMBRIDGE PLACE;
CAMBRIDGE PLACE PROPERTIES,
LLC; LEGACY HEALTH SERVICES,
INC.; JAY FRANCES; KIMBERLY
SMITH; AND CARA W. CLARK, IN
HER CAPACITY AS
ADMINISTRATOR OF CAMBRIDGE
PLACE GROUP LLC D/B/A
CAMBRIDGE PLACE                                            APPELLANTS


                  APPEAL FROM FAYETTE CIRCUIT COURT
v.           HONORABLE ERNESTO M. SCORSONE, JUDGE
                      ACTION NO. 19-CI-00106


VICTORIA MUNDY; AND JOHN
DOES 1 THROUGH 3, UNKNOWN
DEFENDANTS                                                   APPELLEES


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE: Appellants, collectively referred to as "Cambridge" herein, appeal from an order of the Fayette Circuit Court entered on November 27, 2019, denying their motion to compel arbitration and stay the proceedings. After careful review of the briefs, record, and law, we affirm.

## BACKGROUND

On November 4, 2011, Thomas Mundy, Jr., executed a durable power of attorney ("POA"), naming his wife, Victoria Russell Mundy, as his attorney-in-fact. In August 2016, Thomas was admitted as a resident to Cambridge Place, a nursing care facility. Thomas was incompetent at the time of admission, necessitating that Victoria complete the process on his behalf.

Cambridge proffered Victoria a voluntary alternative dispute resolution agreement—not required for admission—wherein the resident, or the resident through their legal representative, agreed to arbitrate any disputes with Cambridge. The signature block contained three lines: Thomas was named as the resident on the first line; Victoria signed on the second line, entitled "Signature of Resident/Legal Representative"; and "wife" was written on the third line, entitled "Legal Representative Capacity (i.e. guardian, spouse, child, Attorney-in-Fact, etc.)."

Following the death of her husband, Victoria initiated the underlying suit against Cambridge in 2019 alleging multiple claims of negligence on behalf of

Thomas's estate, as well as claims of wrongful death[1] and loss of consortium, individually. Cambridge moved to stay the proceedings on Victoria's individual claims and to compel arbitration as to the estate's claims. Victoria opposed the motion. The court heard arguments wherein the parties debated whether Victoria had signed the agreement in her capacity as Thomas's attorney-in-fact and whether the POA granted the authority to bind Thomas to arbitration.

Ultimately, the circuit court denied the motion finding that Cambridge had failed to sufficiently demonstrate the existence of a valid arbitration agreement between Cambridge and Thomas where Victoria, regardless of whether she had the authority to sign as attorney-in-fact, only signed in her capacity as wife. This appeal followed. Additional facts will be introduced as they become relevant.

**STANDARD OF REVIEW**

A written pre-dispute agreement between parties to submit to arbitration is "valid, enforceable, and irrevocable," absent grounds not applicable to this matter. KRS 417.050. As the party seeking to compel arbitration, Cambridge had the initial burden of establishing a valid agreement. *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 590 (Ky. 2012). Kentucky rules of contract

---

[1] Kentucky Revised Statutes (KRS) 411.130(1) mandates that wrongful death claims must be brought by the personal representative of the deceased. However, the deceased's beneficiaries are the real parties in interest whose rights cannot be divested by any action of the deceased, including an otherwise valid agreement to arbitrate. *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 597-600 (Ky. 2012).

-3-

formation govern this inquiry. *Id.* It is a fundamental principle of contract formation that to be valid and enforceable, there must be voluntary and complete assent by parties having the capacity to contract. *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306, 321 (Ky. 2015), *rev'd in part, vacated in part by Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S.Ct. 1421, 197 L.Ed.2d 806 (2017). An attorney-in-fact can assent on the principal's behalf if the authority to do so is conferred by the POA instrument. *Id.*

Cambridge's claims of error are preserved. Accordingly, we review the circuit court's rulings regarding the existence of a contract *de novo*. *Ping*, 376 S.W.3d at 590.

## ANALYSIS

Cambridge asserts the validity of the arbitration agreement is established by Thomas's POA and cannot be invalidated merely by Victoria's designation as wife. Cambridge notes that Kentucky law does not require a party to explicitly state on the face of the contract their status as an attorney-in-fact and cites in support *Pannell v. Shannon*, 425 S.W.3d 58, 64 (Ky. 2014). Cambridge further argues that because the contract is clear that Thomas was the intended party, Victoria had to be signing in her representative capacity as attorney-in-fact. Victoria disagrees, arguing the signatory's designation of legal representative capacity controls, and she urges this Court to consider the analogous, but

-4-

unpublished, decision of *Kindred Nursing Centers Ltd. Partnership v. Butler*, No. 2013-CA-000880-MR, 2014 WL 3722083 (Ky. App. Jul. 25, 2014).[2]

*Butler* is directly on point with the matter at issue. Therein, a resident's son, who did not contest that he held a POA, signed a voluntary arbitration agreement on behalf of the resident. *Id.* at *4-5. In a signature block that is nearly identical to the one at issue here, the resident's son signed his own name and designated his legal representative capacity as "son." *Id.* Based on the signatory's designation as son, a panel of this Court upheld the circuit court's determination that there was not a valid agreement to arbitrate between the resident and the nursing home. The *Butler* Court reasoned that "[i]t is undeniable that a signature of an individual can signify a vast array of legal relationships[,]" and absent an indication of the capacity under which a signature was executed, the parties were bound by the capacity in which the agreement was signed. *Id*. at *5.

We find *Butler* to be persuasive. While Cambridge is correct that Kentucky law does not require a party to explicitly state they are acting as an attorney-in-fact, the issue herein is not Victoria's silence but rather her affirmative avowal that she was acting in a separate capacity. In her capacity as wife, Victoria was authorized to make limited decisions on behalf of Thomas; however, the pre-

---

[2] Pursuant to Kentucky Rule of Civil Procedure 76.28(4)(c), an unpublished opinion rendered after January 1, 2003, may be cited for consideration where there is no published authority that would adequately address the issue at bar.

dispute arbitration agreement was outside that scope. *See generally GGNSC Stanford, LLC v. Rowe*, 388 S.W.3d 117, 124 (Ky. App. 2012). Accordingly, the circuit court did not err in finding there was not a valid agreement between Cambridge and Thomas.

Moreover, even if this Court were to find that Victoria acted as Thomas's attorney-in-fact, we would nevertheless affirm as she lacked the authority to bind Thomas to the agreement. While the circuit court did not reach this issue, the parties fully argued the matter, both before the circuit court and in their respective briefs, and this Court is permitted to affirm on other grounds. *Fischer v. Fischer*, 348 S.W.3d 582, 589-90 (Ky. 2011), *abrogated on other grounds by Nami Res. Co. L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018).

The construction of a POA is a question of law. *Ping*, 376 S.W.3d at 590. "[A]n agent's authority under a power of attorney is to be construed with reference to the types of transaction expressly authorized in the document and subject always to the agent's duty to act with the utmost good faith." *Id*. at 592 (internal quotation marks and citation omitted).

Cambridge argues the POA herein authorized Victoria to agree to pre-dispute arbitration as it granted her the authority to: "(1) draw, make, and sign any and all checks, contracts, deeds or agreements, and exercise all of [Thomas's]

voting rights over assets owned by [him]; . . . (7) institute or defend legal actions concerning [Thomas] or [his] property; . . . [and] (15) do and perform in [his] name all that [he] might individually do." However, Cambridge has ignored the limiting language concerning the enumerated power granted. After enumerating fifteen specific grants of authority, the document then provides a summary of when those powers may be employed:

> This Power of Attorney authorizes my Attorney-in-Fact to make various property related decisions on my behalf, some of which may relate to my healthcare. Accordingly, I confirm that my Attorney-in-Fact will be treated as my personal representative as provided in 45 CFR 164.502(g)(2) to the extent necessary to carry out any purpose of this Power of Attorney. **However, my Attorney-in-Fact may not make any health care decisions on my behalf.**

Appellant Brief Appendix B (emphasis added). Clearly, pursuant to this grant of authority, Victoria, as attorney-in-fact, possessed no power to obligate Thomas to an arbitration agreement related to his healthcare. This conclusion is affirmed by our Supreme Court's decision in *Kindred Nursing Centers Ltd. Partnership v. Wellner*, 533 S.W.3d 189 (Ky. 2017), *cert. denied*, 139 S.Ct. 319, 202 L.Ed.2d 217 (2018).

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Fayette Circuit Court denying Cambridge's motion to compel arbitration and stay the proceedings is AFFIRMED.

JONES, JUDGE, CONCURS.

CLAYTON, CHIEF JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

CLAYTON, CHIEF JUDGE, CONCURRING IN RESULT ONLY: I write separately because this Court need not address whether the language in the power of attorney granted Ms. Mundy the authority to agree to arbitration. The trial court's order read: "**Without addressing the validity of the power of attorney document** in the Record, the document named Ms. Mundy as his attorney-in-fact. Thus, Ms. Mundy may have had the legal authority to sign the Arbitration Agreement as Mr. Mundy's attorney-in-fact, but she did not . . . ." (Emphasis added.) The trial court did not rule on the powers given in the document and there is no reason for this Court to address it.

I agree that the decision should be affirmed based upon the reasoning given by the trial court.

BRIEFS FOR APPELLANT:

Emily W. Newman
Paul A. Dzenitis
Rebecca R. Schafer
Louisville, Kentucky

BRIEF FOR APPELLEE:

Lisa E. Circeo
Hannah R. Jamison
Lexington, Kentucky